366 F.3d 204
 Louis SIMON; Howard Asher; Henry F. Miller; Suzanne Peterson, Executors of the Estate of B. Kenin Hart, Deceased,* Appellant.
v.
UNITED STATES of America.
Mary Schalliol, as Personal Representative of the Estate of Dennis Schalliol, Deceased
v.
John Fare, Jr., as Personal Representative of the Estate of John Fare; Hart Delaware Corporation; United States of America.
Mary Schalliol, Appellant
John Fare, Jr., Appellant.
 No. 02-2945.
 No. 02-3996.
 No. 02-3997.
 United States Court of Appeals, Third Circuit.
 April 21, 2004.
 As Amended April 27, 2004.
 
 On Appeal from the United States District Court for the Eastern District of Pennsylvania, District Judge: Honorable Marvin Katz.
 Arthur G. Raynes, Stephen E. Raynes, Raynes, McCarty, Binder, Ross & Mundy, Daniel S. Weinstock, Feldman, Shepherd & Wohlgelernter, Philadelphia, PA, Aaron S. Podhurst, Joel S. Perwin, Michael S. Olin, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, Miami, FL, Harry A. Wilson, Jr., Donald B. Kehoe, Wilson, Kehoe & Winingham, Indianapolis, IN, for Appellants.
 Terence M. Healy, Rodney Patton, United States Department of Justice, Washington, DC, Joseph M. Lamonaca, Chadds Ford, PA, J. Arthur Mozley, Mozley, Finlayson & Loggins, Atlanta, GA, for Appellee.
 Before SLOVITER, AMBRO, and BECKER, Circuit Judges.
 ORDER
 BECKER, Judge.
 
 
 1
 The interlocutory appeal came before us on a certification by the District Court pursuant to 28 U.S.C. § 1292(b), which presented us with the question whether Indiana's or D.C.'s choice-of-law rules govern a suit against the United States by the estates of passengers killed in the crash of a small private aircraft.
 
 
 2
 On August 20, 2003, we filed an opinion, 341 F.3d 193 (3d Cir.2003), accompanied by a certification of the following questions to the Indiana Supreme Court: (1) whether a true conflict exists between Indiana's and D.C.'s choice-of-law rules; and (2) if there is a true conflict and Indiana's choice-of-law rules therefore control per our "last significant act" test, how to resolve a split among the Hubbard factors in choosing a jurisdiction's substantive law when one factor points toward Indiana, another toward Pennsylvania, and the third is indeterminate, and what substantive law Indiana would choose under these facts.
 
 
 3
 On March 31, 2004, the Indiana Supreme Court filed an opinion, No. 94S00-0308-CQ-377, responding to the certified questions.[1]
 
 
 4
 The questions certified to us by the District Court now having been answered, the case is remanded to the District Court for further proceedings.
 
 
 
 Notes:
 
 
 *
 Amended in accordance with Clerk's Order dated 8/27/02
 
 
 [1]
 We note that the District Court accurately predicted the Indiana Supreme Court's holding